PHILLIP A. TALBERT
United States Attorney
MARK J. McKEON
JEFFREY A. SPIVAK
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANE PAUL YOUNG,<br><br>Defendant. | Case No. 1:13-cr-00126-DAD-SKO<br><br>**STIPULATION AND ORDER TO VACATE RESTITUTION AND ENTER AMENDED JUDGMENT**<br><br>HON. DALE A. DROZD |

The United States of America, by and through its counsel of record, and defendant Shane Paul Young (defendant), by and through defendant's counsel of record, hereby stipulate to vacate the Restitution Order entered in this case on July 5, 2016 (ECF #113).

## I.    INTRODUCTION

On January 22, 2016, after a three day trial, a jury convicted Defendant of receipt and/or distribution of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). (ECF#73). On April 11, 2016, the court sentenced Young to a total of 360 months of incarceration and 180 months of supervised release. (ECF #88).

The court held a restitution hearing on July 5, 2016. (ECF#113). In advance of the hearing, the government filed a restitution sentencing memo. (ECF #110, 111). The government indicated it received one restitution request from an attorney representing minor victim "Sarah" from the "Marineland" series seeking a total of $26,500 (including $1,500 in attorney's fees), an apportioned

1

amount of her estimated damages of $2.7 million. Id. In "Sarah's" claim, she specifically noted that her claim did not "disaggregate" harm caused by the initial abuse from harm resulting from later downloaders of those images. Id. In support of her position that "disaggregation" was not required, "Sarah" cited the district court ruling in *United States v. Galan*, 6:11-CR-60148-AA, 2014 WL 2474901 (D. Or. July 11, 2014).

At the time of the order, however, no one raised the fact that the Ninth Circuit had reversed the district court in Oregon on this point. *United States v. Galan*, 804 F.3d 1287 (9th Cir. 2015). Therefore, in the instant case, the court did not attempt to separate "Sarah's" loss attributable to the sexual assault depicted in the explicit material from the loss attributable to the subsequent distribution of that material by others, including the defendant.

On November 22, 2016, the defendant appealed his sentence, including the restitution order, in light of the *Galan* case. The United States agreed with the defendant that the case should be remanded to the district court for purposes of restitution. The United States argued that the sentence otherwise should be affirmed.

On November 20, 2017, the Ninth Circuit affirmed the sentence in all respects other than restitution, and vacated the restitution order and remanded to the district court to enter an order "consistent with *Galan*." *United States v. Young*, Case No.16-10163 (9th Cir. Nov. 15, 2017).

On December 7, 2017, counsel for the United States had a telephone conference with counsel for "Sarah." Counsel, who was aware of the *Galan* decision, indicated that she lacked evidence of disaggregation for victim "Sarah," and, as a result, she indicated that she wished to withdraw her restitution request for her client. See the attached withdrawal from counsel, attached hereto as Exhibit A.

///
///
///
///
///
///

## II. CONCLUSION

For the above stated reasons, the United States and defendant request that the Court vacate the restitution order entered on July 5, 2017, and enter an amended judgment removing the restitution order from the judgment.

Dated: December 11, 2017    Respectfully submitted,

        PHILLIP A. TALBERT
        United States Attorney

By:   /s/ Jeffrey A. Spivak
      MARK J. McKEON
      JEFFREY A. SPIVAK
      Assistant U.S. Attorneys

Dated: December 11, 2017

By:   /s/ Carolyn D. Phillips
      CAROLYN D. PHILLIPS
      Counsel for Defendant Shane Young
      (as approved by email 12/9/2017)

## ORDER

The court has reviewed and considered the stipulation of the parties to vacate the restitution order entered on July 5, 2017, in this case. Good cause appearing, the restitution order is vacated and the Clerk of Court is directed to enter an amended judgment removing the restitution order.

IT IS SO ORDERED.

Dated: **December 12, 2017**      _Dale A. Drozd_
                                            UNITED STATES DISTRICT JUDGE